FILED
SUPERIOR COURT
OF GUAM

2020 JUL -6 PH 5:41

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                              Plaintiff,<br><br>          vs.<br><br><br>JACQUELINE DELEON GUERRERO FLORES,<br><br>                              Defendant. | Criminal Case No. CF0232-20<br><br><br>**DECISION AND ORDER DENYING EX PARTE APPLICATION TO RELEASE DEFENDANT** |

This matter is before the Honorable Maria T. Cenzon upon Defendant Jacqueline DeLeon Guerrero Flores's *Ex Parte* Motion to Release Defendant on Conditions To Allow Defendant to Attend Her Mother's Funeral (the "Motion") filed on July 6, 2020. Defendant's *Ex Parte* Motion does not comply with the requirements of CVR 7.1.1, made applicable to Criminal Proceedings pursuant to GR 1.1 of the Local Rules of the Superior Court of Guam (the "Local Rules") which provides that these Local Rules "supplement the Guam Rules of Criminal Procedure[,]" "shall be construed so as to be consistent with applicable statutes to promote the just, efficient and economical determination of every action and proceeding" and "shall apply to all actions and proceedings, including ...criminal [matters]" except where inconsistent with

*People of Guam vs. Jacqueline Deleon Guerrero Flores,* Criminal Case No. CF0232-20
Decision and Order Re. Defendant's *Ex Parte* Motion to Release Defendant
Page 1 of 4

rules or provisions of law specifically applicable to such criminal matters. *Ex Parte* Applications are specifically governed by CVR 7.1.1 (made applicable to criminal proceedings with specific force pursuant to GR1.1(c)(The provisions of the General Rules and the Provisions of Civil Rules 7.1 and 7.1.1 of the Local rules of the Superior Court of Guam shall apply to all actions and proceedings, including criminal cases)). Additionally, while the Declaration of Counsel states that counsel for the People were emailed by Defense Counsel, the Declaration does not state whether counsel for the People opposes the application, or has requested to be present when the application is presented to the court or if not presented in this manner as required under CVR 7.1.1 (a)(1),(2) why the application does not comply with the provisions. Clearly, if a statement of non-opposition was included in this Ex Parte Application, the Court would have been granted the Application without a hearing.

The Court expresses grave concern that the *ex parte* process in this instance is being employed for an "emergency" which could have been avoided with planning. While the Court feels compassion in the desire for Defendant to attend her mother's funeral tomorrow, July 7, the Court is concerned that Defendant (or her counsel) was aware of this event with sufficient time to bring it before the Court either through a stipulation agreed to between the parties, or by filing an Ex Parte application that complied with notice and statement of opposition or non-opposition or a statement of whether there is good cause to address it *without* notice to the People. Given the need to coordinate all counsels, Guam Behavioral Health and Wellness Center for an updated statement as to current treatment and a determination of danger to self or others,[1]

---

[1]  Reviewing the file before it (because it is not evident from the pleadings filed with the Ex Parte Application), the Court is concerned about releasing the Defendant without information about her current mental health condition or whether she has been relocated to DOC's Mental Health ward or if she is still at the GBHWC AIU. The Court is further concerned because it is not apparent whether Defendant has placed her mental health at issue, but she is being held at GBHWC (unless already relocated to DOC's MH Ward). Furthermore, there is no information about whether the individual to whom she will be released has been vetted as appropriate by Pre-trial Services at the Probation Division which is standard when contemplating release orders.

*People of Guam vs. Jacqueline Deleon Guerrero Flores,* Criminal Case No. CF0232-20
Decision and Order Re. Defendant's *Ex Parte* Motion to Release Defendant
Page 2 of 4

the defendant (in order to go over conditions of release) and any other interested parties, the Court is flummoxed at having to address this on July 6 as an ex parte application with the funeral taking place on July 7, particularly with these pandemic administrative orders in place. Now, the Court is forced with the difficult decision of balancing an individual's need to attend her mother's funeral with the mandates imposed upon the court (and the parties) by the applicable rules and orders.

Reviewing the file before it (because it is not evident from the pleadings filed with the Ex Parte Application), the Court is concerned about releasing the Defendant without information about her current mental health condition or whether she has been relocated to DOC's Mental Health ward or if she is still at the GBHWC AIU. The Court is further concerned as to whether the Defendant has placed her mental state at issue because it is not apparent whether Defendant has done so, but she is being held at GBHWC pursuant to the Commitment Order issued by the Magistrate Judge. Furthermore, there is no information set forth in the Ex Parte Motion about whether the individual to whom she will be released has been vetted as appropriate by Pre-trial Services at the Probation Division which is standard when contemplating release orders. In considering Motions to Modify Bail Conditions, it is imperative the Court consider the factors which govern the release of Defendants as set forth pursuant to Guam law. The Ex Parte Application fails to set forth any of the information which would justify the Court granting this application with the information presented to it in support of the Application.

Defendant's *Ex Parte* Motion also fails to provide a proposed Order as required by CVR 7.1.1. The application fails to "attach[ ], within a separate cover, the proposed ex parte order...[which] shall bear the signature of the attorney presenting it preceded by the words,

*People of Guam vs. Jacqueline Deleon Guerrero Flores*, Criminal Case No. CF0232-20
Decision and Order Re. Defendant's *Ex Parte* Motion to Release Defendant
Page 3 of 4

"presented by" on the left side of the last page." The Guam Supreme Court has ruled that compliance with the rules of the Superior Court of Guam is expected by both the court and counsel. See, *People vs. Superior Court of Guam*, 2001 Guam 26 ¶ 9 (Guam 2001) (compelling compliance with procedural rules set forth in the Superior Court by both court and counsel).

For these reasons, the Court denies the Ex Parte Application.

Notwithstanding this Decision and Order, should the parties agree to the release of the Defendant on conditions set forth in the application and submit such agreement by Written Stipulation of the parties on the record, the Court would be amenable to granting her release with the agreement of all parties, Pre-Trial Services and her treatment provider.

SO ORDERED this 6th day of July, 2020.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

*People of Guam vs. Jacqueline Deleon Guerrero Flores,* Criminal Case No. CF0232-20
Decision and Order Re. Defendant's *Ex Parte* Motion to Release Defendant
Page 4 of 4